IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

GREGORY NEIL MAXWELL,

    Petitioner,

v.

                                   Civil Case 2:25-CV-062-Z
                                   (Criminal Case 2:21-CR-096-Z-BR-1)

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Petitioner Gregory Neil Maxwell ("Maxwell") filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255 by a person in federal custody. ECF No. 2. Having considered Maxwell's motion and the response thereto, the record, and applicable authorities, the Court hereby **DENIES** the motion for the reasons stated below.

**BACKGROUND**

The record in Maxwell's underlying criminal case, No. 2:21-CR-096-Z-BR-1 (the "CR"), shows the following:

On January 27, 2023, after a three-day trial, a jury found Maxwell guilty of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. Sections 846, 841(b)(1)(A), and possession with intent to distribute cocaine, in violation of 21 U.S.C. Section 841(b)(1)(C). The jury was deadlocked on a charge of possession with intent to distribute 40 grams or more of fentanyl. CR ECF No. 142. The Presentence Report held Maxwell accountable for 2,230.95 kilograms of converted drug weight, assigned a base offense level of 30 and calculated a criminal history category of II. CR ECF No. 164-1 at ¶¶ 13, 33, 19. His advisory guideline sentencing range was 108 to 135 months. *Id.* at ¶ 65.

On July 18, 2023, the Court sentenced Maxwell to 135 months of imprisonment. CR

ECF No. 196. Maxwell filed a direct appeal, and on May 30, 2024, the Fifth Circuit dismissed it because Maxwell, who proceeded *pro se* in his appeal, failed to file a brief. *See United States v. Maxwell*, No. 23-10795 (5th Cir. May 30, 2024). *See* CR ECF No. 272. He did not seek further review and, as a result, his conviction became final on August 28, 2024. Maxwell timely filed his Section 2255 motion. ECF No. 2. The government responded, alleging that Maxwell's request for relief is meritless and should be denied. ECF No. 5. Maxwell did not file a reply.

STANDARD OF REVIEW

After conviction and exhaustion or waiver of a defendant's right to appeal, courts are entitled to presume that the defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (same). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. "[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). Section 2255 is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from

urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

Section 2255 motions do not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B Jan. 1981); *see also* Rule 8 of the Rules Governing Section 2255 Proceedings. "When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." *Hughes*, 635 F.2d at 451. A prisoner is not entitled to an evidentiary hearing unless he or she "presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). The Court has reviewed the record and concluded that an evidentiary hearing is not necessary because the record categorically refutes Maxwell's claims, as set forth below.

ANALYSIS

**I. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) ("Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim for ineffective assistance of counsel."). Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The likelihood of a different result "must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Maxwell alleges that counsel was ineffective on five grounds, each of which is addressed below.

### A. Failure to Assert Speedy-Trial Rights

Maxwell alleges that his first attorney's decision to file a motion requesting a competency examination led to "unnecessary delays" that deprived him of his right to a speedy trial and somehow "obstructed" pre-trial motions. ECF No. 2 at 5. However, as the Court determined at the time, such evaluation was necessary. CR ECF No. 57. In fact, under such circumstances, it may have been considered ineffective assistance had counsel failed to make such a motion. *See Bouchillon v. Collins*, 907 F.2d 589, 597 (5th Cir. 1990) (finding ineffective assistance of counsel in failing to seek competency evaluation when attorney knew that the defendant had a history of diagnosed mental and substance abuse problems and had been institutionalized).

Maxwell failed to show that the delay caused by his competency examination prejudiced him. Regarding prejudice, the U.S. Supreme Court has explained:

> Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most

4

> serious is the last, because the inability of a defendant adequately to prepare
> his case skews the fairness of the entire system.

*Barker v. Wingo*, 407 U.S. 514, 532 (1972) (quoted in *United States v. Blank*, 701 F.3d 1084, 1089 (5th Cir. 2012)). Maxwell has identified no prejudice created by his first attorney's request for a competency examination, and his claim is impermissibly conclusory.

Maxwell further alleges that his third attorney failed to assert Maxwell's speedy trial right. ECF No. 2 at 5. This is incorrect. Maxwell's third counsel objected to the government's November 4, 2022, motion to continue, writing that:

> Defendant has adamantly requested through current counsel…his right to a
> speedy trial under 18 U.S.C.A. section 3161. Defendant has expressed that any
> prior delays were sought by prior counsel for Defendant, without the consent
> of Defendant…Defendant requests his right under the Speedy Trial Act and
> that his trial take place on November 28, 2022.

CR ECF No. 89 at 2. Despite this objection, the Court found that a continuance served the ends of justice because an essential government witness was in custody and could not be transported in time to testify. CR ECF No. 90. The fact that counsel's challenge to the continuance was unsuccessful does not render counsel ineffective. *See, e.g., Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) ("The fact that trial counsel was unsuccessful in his efforts does not constitute, in light of the entire record, a basis for habeas corpus relief."); *see also Jones v. United States*, No. 3:19-cv-01461-D-BT, 2021 WL 5017342 (N.D. Tex. 2021) ("Habeas relief is not warranted where, as here, counsel tried but was not successful in his efforts to persuade the court."). Trial counsel clearly asserted Maxwell's objection to a continuance, but such objections were overruled. Maxwell's motion on this basis is denied.

### B. Failure to File Other Motions

Maxwell next claims that his trial attorneys were deficient for failing to file various motions, including a motion to dismiss the superseding indictment because the indictment allegedly (1) "charged an impossible conspiracy of one," (2) failed to establish proper venue;

and (3) failed to specify the essential elements of the alleged offense, such as intent or unlawful conduct. ECF No. 2 at 5, 7-9. Maxwell also claims that counsel was constitutionally ineffective for failing to (1) file interlocutory appeals of the court's pretrial orders, including denying his speedy-trial rights; (2) "object to procedural errors;" and (3) file motions to dismiss and motions in limine. ECF No. 2 at 10, 12, 13. Maxwell's claims are without merit.

First, the superseding indictment expressly states that Maxwell "did knowingly and intentionally combine, conspire, confederate, and agree with persons known and unknown to the grand jury." CR ECF No. 94 at 1. Maxwell's "known" co-conspirator, Lashae Aonya Johnson, pleaded guilty to participating in the conspiracy and testified against Maxwell at trial. CR ECF No. 240 at 38 *et seq*. Co-conspirators need not be identified in the indictment "as long as evidence supports the proposition that such a co-conspirator did exist and that the defendant did conspire with him." *United States v. Moree*, 897 F.2d 1329, 1332 (5th Cir. 1990) (internal quotation omitted). Second, the indictment clearly alleges venue and sets out the essential elements of the offense. CR ECF No. 94. In addition, trial testimony showed that venue was proper in the Amarillo Division of the Northern District of Texas. CR ECF No. 239 at 219.

Because any motion to dismiss the indictment as urged by Maxwell would have been meritless, as shown above, his attorneys were not deficient in failing to file one. *See Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."); *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Maxwell's complaint that counsel was constitutionally ineffective for failing to challenge the indictment is meritless.

Equally meritless is his claim based on counsel's failure to file the above-referenced motions. On habeas review, federal courts do not second-guess an attorney's decisions through the "distorting effects of hindsight," but rather, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland,* 466 U.S. at 689. A movant cannot succeed on an ineffective assistance of counsel claim by making conclusory allegations that counsel failed to file motions, make objections or follow instructions. *See United States v. Demik,* 489 F.3d 644, 647 (5th Cir. 2007). "The filing of pretrial motions falls squarely within the ambit of trial strategy." *Murray v. Maggio,* 736 F.2d 279, 283 (5th Cir. 1984). Further, "[c]ounsel is not required to engage in the filing of futile motions. *Id.* Maxwell has provided no evidence that counsel's decision to not file the motions was anything other than trial strategy, nor has he shown that he was prejudiced by the decision. Maxwell is not entitled to relief on this basis. *See Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

### C. Failure to Inform the Jury of Competency Proceedings

Maxwell next claims that counsel was constitutionally deficient because they did not inform the jury of the results of his competency proceedings. ECF No. 2 at 6. Such failure, he claims, violated his due process rights. *Id.* However, the court's finding that Maxwell was mentally competent is not admissible in a trial for the offense charged. *See* 18 U.S.C. Section 4241(f). Accordingly, counsel's failure to file a meritless motion, as shown above, cannot provide a valid basis for habeas relief.

### D. Failure to Call Witnesses

Maxwell next claims that his attorneys were deficient in failing to call "critical

witnesses" in his defense. ECF No. 2 at 14. "Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." *United States v. Fields*, 761 F.3d 443, 461 (5th Cir. 2014) (quoting *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001)). "To prevail on such a claim, 'the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense.'" *Id.* (quoting *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009)); *see also Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010) ("Claims of uncalled witnesses are disfavored, especially if the claim is unsupported by evidence indicating the witness's willingness to testify and the substance of the proposed testimony."). Maxwell's motion does not specifically identify any proposed witnesses; however, in construing his motion liberally, he could be alleging that the passengers in the vehicle in which he was arrested are such proposed witnesses. ECF No. 2 at 13–14. However, he fails to show what relevant testimony that the passengers would have provided, that they were willing to testify, or that their testimony would have helped his case.[1] Maxwell fails to meet his burden to show that counsel was ineffective on this issue.

### E. Failure to Allow Maxwell to Testify

Maxwell next alleges that his counsel was ineffective for denying him his right to testify at trial. ECF No. 2 at 8. Criminal defendants have the right to testify in their own defense. *See Rock v. Arkansas,* 483 U.S. 44, 51-53 (1987). Only the defendant may waive this well-established right. *See United States v. Brown,* 217 F.3d 247, 258 (5th Cir. 2000). When a movant claims that trial counsel interfered with his right to testify and was ineffective, the

---

[1] In addition, Maxwell's claim that the Court's order on the government's motion in limine restricted his ability to call the passengers as witnesses is meritless. *See* CR ECF Nos. 110 at 3; 130 at 3. The Court's order did not preclude their testimony. *Id.*

claim is governed by the *Strickland* standard. *See United States v. Wines*, 691 F.3d 599, 604 (5th Cir. 2012); *United States v. Mullins*, 315 F.3d 449, 452-53 (5th Cir. 2002); *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). In determining whether counsel's performance was deficient under the first *Strickland* prong, courts "must be highly deferential to counsel's trial strategy," keeping in mind that "the decision whether to put a Defendant on the stand is a judgment call which should not easily be condemned with the benefit of hindsight." *Mullins*, 315 F.3d at 453 (quoting *Robison v. Johnson*, 151 F.3d 256, 261 (5th Cir. 1998)) (internal quotation marks omitted).[2] The Fifth Circuit has rejected claims that counsel's trial strategy was deficient for failing to call the defendant as a witness at trial where counsel reasonably concluded that the defendant's testimony "may have done more harm than good." *United States v. Garcia*, 762 F.2d 1222, 1226 (5th Cir. 1985); *see also Hollenbeck v. Estelle*, 672 F.2d 451, 454 (5th Cir. 1982). As discussed, the prejudice prong of *Strickland* requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. It is a "heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result." *Wines*, 691 F.3d at 604; *see also Cullen v. Pinholster*, 563 U.S. 170, 189 (2011).

Counsel was not deficient in failing to call Maxwell as a witness because Maxwell voluntarily waived his right to testify in open court during his trial. CR ECF No. 240 at 222–23. Specifically, Maxwell testified as follows:

> THE COURT: Mr. Maxwell, based on your representation through counsel, the Court does ascertain that you do not wish to exercise your absolute right to testify. Is that correct?
>
> THE DEFENDANT: That's correct, Your Honor.
>
> THE COURT: And do you understand that you, as the defendant, have an

---

[2]A counsel's trial strategy, regardless of its merits, is not permissible when counsel "override[s] the ultimate decision of a defendant to testify contrary to his advice," however. *Mullins*, 315 F.3d at 453.

> absolute right to testify at your trial if you do wish to do so? Do you understand that right?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: And without divulging or discussing any privileged attorney/client communications, you at all times, had the advice of counsel in making this decision; is that correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And is your decision not to testify a knowing and voluntary decision on your part after consulting with counsel?
>
> THE DEFENDANT: Yes, it is, Your Honor.
>
> THE COURT: And do you have any questions of the Court regarding your Fifth Amendment rights or your right to testify?
>
> THE DEFENDANT: I do not have any questions at this time.
>
> THE COURT: Okay. Based on the Court's observation of the defendant and colloquy with defendant, and also the observation of Mr. Kiechler and his capable and effective representation of the defendant, the Court does find that the defendant understands he has the absolute right to testify at trial, and the decision of the defendant not to testify is a knowing and voluntary decision.

*Id.* In support of his motion, Maxwell provides nothing more than a conclusory claim that counsel denied him his right to testify. ECF No. 2 at 10-11. Maxwell's solemn declarations in open court are entitled to a presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) ("Solemn declarations in open court carry a strong presumption of verity.") (internal quotation omitted). Maxwell's unsupported *post hoc* assertion that his counsel impermissibly waived his right to testify on his own behalf, after he specifically stated in open court that he knowingly and voluntarily waived his right, is meritless.

## II. The Remainder of Maxwell's Claims are Procedurally Defaulted.

Maxwell also seeks habeas relief on numerous additional grounds; specifically, he alleges that the Court:

1.  erred by ordering a competency evaluation without his consent and failed to hold a hearing (ECF No. 2 at 6-7);

2.  mishandled the hung jury on Count Three (*id.* at 6);

3.  did not properly instruct the jury (*id.* at 6, 14);

4.  refused to issue an oral verdict (*id.* at 6, 14);

5.  prohibited defense witness testimony (*id.* at 13);

6.  showed bias by misclassifying *pro se* filings and failing to rule on them (*id.* at 6-7);

7.  incorrectly denied his habeas motions without a hearing (*id.* at 7);

8.  improperly ordered his commitment two weeks before trial (*id.*);

9.  failed to grant him release pending appeal (*id.* at 17);

10. failed to grant him additional time to appeal (*id.* at 18);

11. failed to provide him with transcripts (*id.* at 6, 14); and

12. failed to recognize his desire to proceed *pro se* at trial (*id.* at 11, 14, 16).

He further alleges that:

1.  the indictment was flawed (*id* at 7);

2.  the government failed to disclose exculpatory evidence under *Brady v. Maryland* (*id.* at 14);

3.  the government engaged in a vindictive prosecution because Maxwell did not accept the offered plea agreement and improperly inserted "plea bargain paperwork into sentencing appeal forms" (*id.* at 15-16); and

4.  the government violated *Batson* by striking minorities from the *venire* panel (*id.* at 14).

Because Maxwell failed to raise these issues on direct appeal, he procedurally defaulted these claims. "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default,

and 'actual prejudice' resulting from the error," or actual innocence. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991); *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) ("[A] defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such error."); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) ("When raising issues of jurisdictional or constitutional magnitude for the first time on collateral review, a defendant ordinarily must show both cause for his procedural default and actual prejudice resulting from the error."). Even if a defendant cannot establish cause or prejudice, procedurally defaulted claims can be considered for the first time in a Section 2255 proceeding if the movant can show that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' or actual 'prejudice' . . . or that he is 'actually innocent.'").

Maxwell does not explain the reasons he did not raise these claims on direct appeal, thus failing to show cause and prejudice. Nor does he argue actual innocence. As a result, his claims are procedurally barred and cannot serve as a basis for relief.

### III. Request for Release Pending Resolution

Lastly, Maxwell asks the Court to release him, presumably pending resolution of any appeal of this Order. Release pending final disposition of a Section 2255 motion is granted only if the movant raises a substantial constitutional claim upon which he has a high probability of success, and when extraordinary or exceptional circumstances exist that make the grant of bail necessary. *See United States v. Taylor*, 254 F.3d 1080 at *1 (5th Cir. 2001). As shown above, Maxwell's motion presents no substantial, meritorious claim for relief, nor does he show any extraordinary circumstances requiring release.

For the reasons stated above, Maxwell's motion to vacate (ECF No. 2) is **DENIED** with prejudice.

**SO ORDERED.**

May 20, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

13